UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANN KENNEDY,

                    Plaintiff,

        v.

NANCY A. BERRYHILL,[1] Commissioner of
Social Security,

                    Defendant.
_____

**DECISION
and
ORDER**

**17-CV-00384F
(consent)**

APPEARANCES:        LAW OFFICES OF KENNETH R. HILLER
Attorneys for Plaintiff
TIMOTHY HILLER, of Counsel
6000 Bailey Avenue
Suite 1A
Amherst, New York 14226

JAMES P. KENNEDY, JR.
ACTING UNITED STATES ATTORNEY
Attorney for Defendant
Federal Centre
138 Delaware Avenue
Buffalo, New York 14202, and

JASON P. PECK
Special Assistant United States Attorney, of Counsel
United States Attorney's Office
c/o Social Security Administration
26 Federal Plaza – Room 3904
New York, New York 10278-0004

---

[1] Nancy A. Berryhill became Acting Commissioner of the Social Security Administration on January 23, 2017. Pursuant to Fed.R.Civ.P. 25(d), Berryhill is substituted for Carolyn Colvin as Defendant in this case. No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

## JURISDICTION

On June 19, 2018, the parties consented, pursuant to 28 U.S.C. § 636(c) and a Standing Order (Dkt. No. 15), to proceed before the undersigned. (Dkt. No. 15-1). The court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on motions for judgment on the pleadings, filed on November 13, 2017, by Plaintiff (Dkt. No. 10-1), and on January 12, 2018, by Defendant (Dkt. No. 14-1).

## BACKGROUND

Plaintiff Ann Kennedy ("Plaintiff" or "Kennedy"), born January 19, 1962, (R. 140),[2] has a graduate equivalency degree, was diagnosed with post traumatic degenerative arthritis of her right knee, for which Plaintiff underwent knee replacement surgery on September 16, 2013 (R. 419). Plaintiff brings this action under Titles II and XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's applications for social security disability benefits filed with the Social Security Administration ("SSA"), on May 23, 2013, for Title II Disability Insurance benefits ("DIB"), and Title XVI Supplemental Security Insurance benefits ("SSI") (together, "disability benefits").

In applying for disability benefits, Plaintiff alleges she became disabled on December 30, 2010, because of right knee pain and arthritis. (R. 162). Plaintiff's applications initially were denied on August 28, 2013. (R. 53). At an administrative

---

[2] "R" references are to the pages of the Administrative Record electronically filed by Defendant on August 14, 2017. (Dkt. No. 7).

hearing held on May 15, 2015, before Administrative Law Judge ("ALJ") Donald McDougall, Plaintiff, represented by Kenneth Hiller, Esq. ("Hiller"), appeared and testified. A vocational expert ("VE") Jay Steinbrenner ("Steinbrenner"), also appeared and testified. In the ALJ's decision, issued September 18, 2015, Plaintiff was found not disabled under the Act during the relevant period. The ALJ's decision became the final decision after it was affirmed by the Appeals Council on March 10, 2017. This action followed on May 5, 2017.

On November 13, 2017, Plaintiff filed her motion for judgment on the pleadings (Dkt. 10) ("Plaintiff's Motion"), attaching the Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings (Dkt. 10-1) ("Plaintiff's Memorandum"). On January 12, 2018, Defendant filed a motion for judgment on the pleadings and in response to Plaintiff's motion (Dkt. 14) ("Defendant's Motion"), attaching Commissioner's Brief in Support of Her Motion for Judgment on the Pleadings and in Response to Plaintiff's Brief Pursuant to Local Standing Order on Social Security Cases (Dkt. 14-1) ("Defendant's Memorandum"). Oral argument was deemed unnecessary.

Based on the following, Plaintiff's Motion is DENIED; Defendant's Motion is GRANTED.

## **DISCUSSION**

1. **Standard and Scope of Judicial Review**

A claimant is "disabled" within the meaning of the Act and entitled to disability benefits when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§

3

416(i)(1); 1382c(a)(3)(A). A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or if the decision is based on legal error. 42 U.S.C. §§ 405(g), 1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). In reviewing a final decision of the SSA, a district court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks and citation omitted). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. It is not, however, the district court's function to make a *de novo* determination as to whether the claimant is disabled; rather, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn" to determine whether the SSA's findings are supported by substantial evidence. *Id*. "Congress has instructed . . . that the factual findings of the Secretary,[3] if supported by substantial evidence, shall be conclusive." *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

**2.     Disability Determination**

The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability benefits. 20 C.F.R. §§ 404.1520 and 416.920. *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982). The first step is to determine whether the applicant is

---

[3] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

engaged in substantial gainful activity during the period for which the benefits are claimed. 20 C.F.R. §§ 404.1520(b) and 416.920(b). If the claimant is engaged in such activity, the inquiry ceases and the claimant is not eligible for disability benefits. *Id.* Next to be determined is whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities, as defined in the relevant regulations. 20 C.F.R. §§ 404.1520(c) and 416.920(c). Absent such an impairment, the applicant is not eligible for disability benefits. *Id.* Third, if there is an impairment and the impairment, or its equivalent, is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the regulations ("Appendix 1" or "the Listings"), and meets the duration requirement,[4] there is a presumption of inability to perform substantial gainful activity, and the claimant is deemed disabled, regardless of age, education, or work experience. 42 U.S.C. §§ 423(d)(1)(A) and 1382a(c)(3)(A); 20 C.F.R. §§ 404.1520(d) and 416.920(d). As a fourth step, however, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional capacity," which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding the limitations posed by the applicant's collective impairments, *see* 20 C.F.R. 404.1520(e)-(f), and 416.920(e)-(f), and the demands of any past relevant work. 20 C.F.R. §§ 404.1520(e) and 416.920(e). If the applicant remains capable of performing past relevant work, disability benefits will be denied, *id.*, but if the applicant is unable to perform past relevant work, the Commissioner, at the fifth step, must consider whether, given the applicant's age, education, and past work experience, the applicant "retains a residual functional capacity to perform alternative

---

[4] The duration requirement mandates the impairment must last or be expected to last for at least a continuous twelve-month period. 20 C.F.R. §§ 404.1509 and 416.909.

5

substantial gainful work which exists in the national economy." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks and citation omitted); 20 C.F.R. §§ 404.1560(c) and 416.960(c). The burden of proof is on the applicant for the first four steps, with the Commissioner bearing the burden of proof on the final step. 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008).

In the instant case, the ALJ found Plaintiff meets the Act's insured status requirement through December 31, 2012 (R. 11), Plaintiff has not engaged in substantial gainful activity since July 19, 2011, her amended disability onset date, *id*., Plaintiff suffers from the severe impairment of right knee replacement, (R. 13), but that Plaintiff does not have an impairment or combination of impairments meeting or medically equal to the severity of any listed impairment in Appendix 1 (R. 14), and that Plaintiff retains the residual functional capacity to perform light work with limitations of the ability change positions briefly for one to two minutes at least every half-hour, no work involving ladders, ropes or scaffolds, stairs or ramps, kneeling or crawling, heights or dangerous moving machinery, more than occasional stooping, balancing, crouching, or exposure to extreme cold or wetness. (R. 14). Accordingly, the ALJ determined Plaintiff is not disabled as defined under the Act. (R. 24).

Because no challenge is raised to the first, second and third steps of the five-part analysis, the court does not address them.

**A.     Fourth Step**

Once an ALJ finds a disability claimant is unable to meet the criteria for disability under any impairment listed in Appendix 1, the next step is to consider the applicant's

"residual functional capacity," *i.e.*, the ability to perform physical or mental work activities on a sustained basis despite limitations posed by the applicant's collective impairments, see 20 C.F.R. 404.1520(e)-(f), and 416.920(e)-(f), and the demands of any past relevant work ("PRW").[5] 20 C.F.R. §§ 404.1520(e) and 416.920(e). Disability benefits will be denied if the applicant remains capable of performing past relevant work *Id.*

After determining that Plaintiff did not meet the criteria for disability under the Listing of Impairments, the ALJ proceeded to the fourth step of the five-step analysis and determined Plaintiff retained the residual functional capacity to perform light work with limitations to briefly changing positions for one to two minutes at least every half-hour, no work involving ladders, ropes or scaffolds, stairs or ramps, kneeling or crawling, heights or dangerous moving machinery, more than occasional stooping, balancing, crouching, and exposure to extreme cold or wetness. (R. 14).

Plaintiff raises two challenges to the ALJ's determination, including that the ALJ's residual functional capacity assessment is supported only by the ALJ's credibility analysis, without support of any medical opinion, and that the ALJ's finding on Plaintiff's non-compliance with treatment was without substantial evidence. Plaintiff's Memorandum at 10-13. Defendant, in contrast, maintains that the ALJ based Plaintiff's residual functional capacity assessment on sufficient evidence that includes Plaintiff's diagnostic and physical findings, activities of daily living, poor work history and non-

---

[5] "Past relevant work" is defined as work the claimant performed within the past 15 years as substantial gainful activity, for a sufficient period of time for the claimant to learn how to perform the work. 20 C.F.R. §§ 404.1560(b)(1), 404.1565, and 416.960(b). Whether past work qualifies as relevant is determined either as the claimant actually performed it, or as the work generally is performed in the national economy. *Id.*

compliance with her physical therapy treatment regimen.  Defendant's Memorandum at

14-16.  In further support of her motion for judgment on the pleadings, Plaintiff relies on

*Planteny-Martinez v. Colvin ("Planteny-Martinez")*, 2016 WL 3355438 (W.D.N.Y. June

17, 2016), to support that the ALJ's affording of little weight to the consultative opinion

of Nikita Dave, M.D. ("Dr. Dave"), results in the ALJ's improper rejection of the only

medical opinion regarding limitations to Plaintiff's residual functional capacity.  Plaintiff's

Memorandum at 11-12.  Defendant maintains that Plaintiff's reliance on the court's

ruling in *Planteny-Martinez v. Colvin*, is erroneous as such ruling is at odds with the

court's more recent ruling in *Monroe v. Commissioner of Social Security*, 676 Fed.

App'x. 5, 8-9 (2d Cir. 2017) (a medical source statement or formal medical opinion is not

required where treatment notes support the ALJ's residual functional capacity

assessment) and *Johnson v. Colvin*, 669 Fed. App'x. 44, 46-47 (2d Cir. 2016) (no gap in

the record exists where residual functional capacity assessment is supported by

claimant's testimony and physician's statements on improvement).

     Plaintiff's reliance on the ruling in *Planteny-Martinez* is misplaced because the

facts set forth in *Planteny-Martinez* are not consistent with the facts in this case.  In

*Planteny-Martinez*, the ALJ discounted the entire opinion from the only medical source

in the record.  *Planteny-Martinez*, 2016 WL 3355438, at *3.  In contrast, here the ALJ

based Plaintiff's residual functional capacity assessment on the examination findings of

Peter S. Robinson, M.D. ("Dr. Robinson") (R. 16-21, 280-82, 305, 337-38, 370-72, 377-

80, 396-98, 413-15, 431-35), the orthopedic surgeon who performed Plaintiff's knee

replacement surgery on September 16, 2013 (R. 438-39), Plaintiff's normal right knee X-

ray completed on August 14, 2012 (R. 331), Plaintiff's visits to Physician Assistant

Sarah Uebelhoer ("P.A. Uebelhoer"), a physician assistant in the office of Jeremy Riedesel, M.D. ("Dr. Riedesel"), Plaintiff's primary care physician (R. 18-19, 377), and Plaintiff's testimony (R. 20, 72, 75). The ALJ's residual functional capacity assessment of Plaintiff was therefore based on substantial evidence and Plaintiff's reliance on the ruling set forth under *Planteny-Martinez* is therefore misplaced. Plaintiff's motion on this issue is DENIED.

The court declines to discuss Plaintiff's argument on non-compliance with treatment, Plaintiff's Memorandum at 12, as findings of non-compliance first require a finding of disability. Social Security Ruling 82-59, Titles II and XVI: Failure to follow Prescribed Treatment, 1982 WL 31384, at * 1. No such finding exists in this case. Plaintiff's motion on this issue is therefore DENIED.

## **CONCLUSION**

Based on the foregoing, Plaintiff's Motion (Dkt. 10-1) is DENIED; Defendant's Motion (Dkt. 14-1) is GRANTED. The Clerk of Court is directed to close the file.
SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: November 15, 2018
           Buffalo, New York

9